[Civ. No. 13774.   Second Dist., Div. One.   Dec. 23, 1942.]

MARIE SCHEE, Appellant, v. FRANK L. HOLT, as Marshal, etc., et al., Respondents.

Daniel A. Knapp for Appellant.

David Schwartz for Respondents.

DORAN, J.—This is an action to set aside an execution sale. The record reveals that appellant brought an action in the Municipal Court of the City of Los Angeles against the respondents, Otto A. Steuer and Jenneieve Steuer, and at the time of the filing of such suit levied upon all of the right, title and interest of the respondents Steuer in and to the real estate described in the complaint herein. Thereafter judgment was recovered by the appellant and execution issued, a levy made and a sale had by the marshal of the city of Los .

Angeles on all of the interest of the respondents Steuer in and to said real property pursuant to the written instructions of appellant's attorneys, at which sale appellant's attorneys bid in the full amount of the unpaid portion of the judgment and purchased said real property on behalf of appellant. Thereafter the respondents Steuer made a motion in the municipal court, at which hearing the court received oral and documentary evidence, requesting that the clerk be ordered to enter a satisfaction of the judgment by reason of the foregoing proceedings. The municipal court made such an order, which order was appealed to the Appellate Department of the Superior Court of Los Angeles County and affirmed by said appellate department of the superior court. The same attorneys appeared for the appellant throughout the proceedings resulting in the levy and sale of respondents Steuers' property, viz., the firm of Wingert and Bewley. Thereafter, the present action was commenced to set aside said sale.

It is alleged in substance by plaintiff that at and prior to the date of sale, which was June 29, 1938, a young attorney, Richard M. Nixon, was occasionally employed by the firm of Wingert and Bewley as their "outside man," which fact was unknown to plaintiff; that said Nixon appeared in connection with the matters pertaining to the execution and sale and "bid in" the real property involved, in the name of plaintiff. It is further alleged in substance that plaintiff was without knowledge of any of the steps taken by Nixon, who it is alleged acted without authority from plaintiff.

So far as the sale is concerned, the court has passed judgment on the validity of all acts in connection therewith, which judgment, as above noted, has been affirmed on appeal. In that connection, respondents' contention that the doctrine of res judicata operates as a bar to the present action is sustained by the record.

Plaintiff, however, in the present action states the question involved as follows: "1. Where, at a marshal's sale under execution of the judgment debtors' real property, a third person without the authority or knowledge of the judgment creditor, assumes to act as her attorney, purchasing said property in her name in satisfaction of her judgment claim, may such judgment creditor proceed in a suit in equity to set aside said purchase and the satisfaction of judgment entered in pursuance thereof? a. Is the order requiring the entry of said

satisfaction of judgment on a purely statutory proceeding, res adjudicata as to said subsequent suit in equity?''

In other words, appellant bases the present action on the alleged misconduct of Nixon in connection with the *purchase* of the property involved, which clearly is beside the issue so far as the validity of the *sale* is concerned. Plaintiff's controversy with Nixon with regard to the purchase therefore cannot be injected into the proceedings affecting the validity of the sale. Nevertheless the trial court tried the issues sought to be raised by the pleadings and found against plaintiff. It is unnecessary to review the findings.

The judgment is affirmed.

York, P. J., and White, J., concurred.